**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4167**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

TONIA BEST MILNER,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:07-cr-00158-D-1)

Submitted:  September 30, 2008     Decided:  October 14, 2008

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tonia Best Milner pled guilty to two counts of bank fraud, in violation of 18 U.S.C. §§ 1344, 2 (2000). The district court calculated that Milner's advisory Guidelines range was fifty-one to sixty-three months of imprisonment, and varied upward from that range to sentence her to seventy-two months' imprisonment. Milner appeals, alleging her sentence is procedurally and substantively unreasonable.[*] For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable, applying a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591, 594 (2007). A district court must engage in a multi-step process at sentencing. First, the sentencing court must calculate the appropriate Guidelines range by making any necessary factual findings. Id. at 596. The court should then afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Id. Next, it should consider the resulting advisory sentencing range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and determine whether the § 3553(a) factors support the sentence requested by either party. Id.

---

[*]Milner concedes on appeal that the district court properly calculated her sentencing range under the Guidelines.

2

To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id. Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" Id. (quoting Gall, 128 S. Ct. at 597). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 128 S. Ct. at 597).

While we may presume a sentence within the Guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we must afford deference to the district court's decision that the § 3553(a) factors support imposing a variant sentence and to its determination as to the extent of that variance. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

Here, the district court followed the necessary steps in sentencing Milner, first providing notice of its intent to vary above the sentencing range applicable under the Guidelines. After properly calculating the Guidelines range, hearing the parties' arguments regarding sentencing, and taking into account the § 3553(a) factors, the district court concluded a within-Guidelines sentence was insufficient to punish the serious and unique offense, to deter similar crimes, or to promote respect for the law. In concluding the offense conduct was unique, the district court cited the duration of the underlying fraudulent scheme (almost eight years), the scope of the offense, the number of transactions involved (137 separate fraudulent transactions), the amount of money stolen (more than $600,000), and the elaborate methods employed to effectuate the fraud. Perhaps most significant, though, was that, after defrauding her employer for almost a year, Milner quit her job only to later return to resume the fraud, which continued, unabated, for approximately six more years. With each transaction, the district court noted, Milner had the opportunity to reflect upon her actions and make a willful decision to continue with her crime.

We find no abuse of discretion in the district court's decision to sentence Milner to seventy-two months' imprisonment, nine months longer than the high end of her Guidelines range. Accordingly, we affirm the district court's judgment. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED